Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| DAVID SILVA CARABALLO  Peticionario  v.  MAGDA ENID RALAT BALLESTER  Recurrida | TA2026AP00242 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce  Sobre: Divorcio (Ruptura Irreparable)  Caso Núm. PO2025RF00547 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de abril de 2026.

La parte peticionaria, Magda E. Ralat Ballester, comparece ante nos y solicita que revisemos la *Resolución* emitida el 14 de enero de 2026, notificada el 16 de enero de 2026, por el Tribunal de Primera Instancia, Sala de Ponce. Mediante esta, el Foro Primario denegó la *Solicitud de Orden al Demandante* presentada por la parte peticionaria y concluyó que la *pensión pendente lite* había quedado satisfecha. Ello, dentro de un pleito sobre divorcio entre la parte peticionaria y la parte recurrida, el señor David Silva Caraballo.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari*.

I

Según surge del expediente de autos, el 11 de septiembre de 2025, luego de celebrada una vista sobre divorcio y alimentos *pendente lite*, el Tribunal de Primera Instancia emitió una *Sentencia* mediante la cual declaró disuelto el vínculo matrimonial entre las partes. En esa misma determinación, el Foro Primario fijó, a favor

de la parte peticionaria, una pensión *pendente lite* y, consecuentemente, ordenó a la parte recurrida, al pago de una suma por la cantidad de $3,982.28 mensuales, hasta que la sentencia adviniera final y firme. Además, le impuso el pago de $5,000.00 por concepto de honorarios de abogado y gastos del litigio, a ser satisfechos dentro del mismo término.

El 3 de octubre de 2025, la parte peticionaria presentó una *Solicitud de Enmienda Nunc Pro Tunc*. En esta, esbozó que, en la determinación judicial del 11 de septiembre de 2025, el Tribunal de Primera Instancia no precisó el término ni la forma en que debía satisfacerse la cuantía adeudada hasta el mes de septiembre, ni el pago correspondiente al mes de octubre. En atención a ello, solicitó que el Foro Primario enmendara la referida *Sentencia* a los fines de fijar el plazo con el que contaba el señor Silva Caraballo para satisfacer las sumas adeudadas.

El 6 de octubre de 2025, el Tribunal de Primera Instancia emitió una *Orden*. En esta, especificó que la parte recurrida venía obligada a satisfacer la suma mensual de $3,982.28 desde junio de 2025 y hasta que la *Sentencia* adviniera final y firme el 31 de octubre de 2025. Asimismo, le ordenó efectuar los pagos directamente a la cuenta bancaria de la parte peticionaria, bajo apercibimiento de desacato. Además, dispuso de un término de cuarenta y ocho (48) horas para el pago correspondiente al mes de septiembre de 2025 y fijó como fecha límite el 15 de octubre de 2025 para el pago correspondiente al mes de octubre.

El 10 de octubre de 2025, la parte peticionaria presentó una *Solicitud de Orden al Demandante*. Alegó que, al momento de la presentación de la solicitud, el señor Silva Caraballo únicamente había satisfecho la suma de $1,991.14 correspondiente al mes de septiembre de 2025. Indicó que, a raíz de ello, el señor Silva

Caraballo adeudaba $929.20 por el mes de junio, $3,982.28 por el mes de julio, $3,982.28 por el mes de agosto y $1,991.14 por el mes de septiembre, para un total de $10,884.90. En atención a lo anterior, solicitó al Foro de Instancia que ordenara a la parte recurrida, bajo apercibimiento de desacato, a consignar la referida suma en la cuenta bancaria de la señora Ralat Ballester dentro de un término de cuarenta y ocho (48) horas.

En respuesta, el 6 de noviembre de 2025, la parte recurrida presentó una *Moción en cumplimiento de Orden y en Oposición a Solicitud de la Demandada.* En síntesis, expuso que la señora Ralat Ballester recibió depósitos mensuales por la suma de $3,987.06, provenientes de Southwest Optical, entidad que, según sostuvo, pertenece al señor Silva Caraballo. Señaló que la señora Ralat Ballester destinó tales fondos a sufragar sus gastos personales sin reintegrarlos. Además, sostuvo que esta utilizó $2,200.00, mediante una tarjeta de crédito perteneciente al señor Silva Caraballo, cantidad que, a su juicio, constituía una deuda susceptible de compensación. A partir de lo anterior, planteó que los referidos desembolsos configuraban pagos efectuados por un tercero en beneficio de la señora Ralat Ballester, por lo que procedía la aplicación de las figuras de pago por tercero y compensación conforme al Código Civil de Puerto Rico de 2020. A tenor con lo expuesto, solicitó al Foro Primario que declarara *No Ha Lugar* la solicitud instada por la parte peticionaria o, en la alternativa, que señalara la correspondiente vista evidenciaria.

Por su parte, el 11 de noviembre de 2025, la parte peticionaria presentó su *Oposición a "Moción en cumplimiento [sic] de Orden y en Oposición a Solicitud de la demandada.* En esta, sostuvo que el planteamiento de pago por tercero carecía de fundamento jurídico, toda vez que los desembolsos realizados por Southwest Optical a su

favor correspondían al salario derivado de su relación laboral y no al cumplimiento de la obligación alimentaria impuesta por el foro primario. En específico, afirmó que tales pagos no fueron efectuados con la intención de extinguir la obligación de pensión alimentaria, por lo que no se configuraba el *animus solvendi* requerido para la procedencia de dicha figura. Asimismo, expuso que los planteamientos de compensación articulados por la parte recurrida eran improcedentes y ajenos al trámite en curso, pues no fueron oportunamente planteados ni formaban parte de un procedimiento de liquidación de bienes gananciales. Así, solicitó al Foro Primario que declarara *No Ha Lugar* la moción presentada por la parte recurrida, ordenara el pago de la pensión adeudada y le concediera una suma no menor de $3,000.00 por concepto de temeridad.

En atención a los pliegos presentados, mediante *Orden* emitida el 12 de noviembre de 2025, el Tribunal de Primera Instancia señaló vista para el 10 de diciembre de 2025. Llegada la fecha, ambas partes comparecieron y reiteraron los argumentos previamente expuestos en sus escritos. Según surge de la *Minuta,* se evidenció que la señora Ralat Ballester continuó recibiendo pagos provenientes de Southwest Optical, aun sin encontrarse laborando para esa entidad.

Evaluados los planteamientos de las partes, el 14 de enero de 2026, notificada el 16 del mismo mes y año, el Tribunal de Primera Instancia emitió la *Resolución* que nos ocupa. En lo pertinente al pago por tercero, el Foro Primario determinó que la parte peticionaria recibió en su cuenta bancaria la suma mensual de $3,987.06 mediante depósitos efectuados por Southwest Optical, entidad perteneciente al señor Silva Caraballo. Estableció que la parte peticionaria admitió haber recibido dichos fondos y haberlos utilizado para sufragar las necesidades consideradas al fijarse la

obligación alimentaria en controversia, y que, luego de cubrir sus necesidades mensuales, mantenía dinero adicional en su cuenta bancaria. Además, el Foro *a quo* determinó que se había demostrado que la señora Ralat Ballester no se encontraba trabajando, pero continuó recibiendo la referida cantidad mensual. A partir de estas determinaciones, concluyó que la parte peticionaria se benefició de los pagos efectuados por la entidad, lo cual extinguió la obligación de satisfacer la pensión *pendente lite*. En consecuencia, declaró *No Ha Lugar* la solicitud presentada por la parte peticionaria y dio por satisfecha la pensión en controversia.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 5 de marzo de 2026, la parte peticionaria compareció ante nos mediante el recurso de epígrafe, el cual acogimos como un *certiorari*, mediante *Resolución* fechada el 6 de marzo de 2026. En el mismo señala la comisión de los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al concluir que los pagos recibidos por la demandada provenientes de la corporación Southwest Optical constituyeron un pago por tercero que extinguía la obligación de pensión pendente lite, aun cuando dichos pagos correspondían a ingresos salariales derivados de una relación laboral independiente y no a un pago dirigido a satisfacer la obligación alimentaria impuesta al demandante.

> Erró el Tribunal de Primera Instancia al aplicar la figura de la compensación para extinguir total o parcialmente la obligación de pensión pendente lite, basándose en una alegada deuda de tarjeta de crédito que no había sido adjudicada judicialmente ni determinada como líquida, vencida y exigible dentro de este procedimiento.

> Erró el Tribunal de Primera Instancia al confundir las actuaciones y obligaciones de la corporación Southwest Optical, entidad con personalidad jurídica propia e independiente, con las obligaciones personales del demandante, imputando a dicha entidad el cumplimiento de una obligación alimentaria personal sin determinación expresa que lo justificara.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

II

Es sabido que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 216 DPR __ (2025).

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018).

III

En la presente causa, la parte peticionaria sostiene que el Tribunal de Primera Instancia erró al concluir que los pagos

recibidos, provenientes de la corporación Southwest Optical constituyeron un pago por tercero que extinguía la obligación de pensión *pendente lite*, aun cuando dichos pagos correspondían a ingresos salariales derivados de una relación laboral independiente y no a un pago dirigido a satisfacer la obligación alimentaria impuesta al demandante. Asimismo, sostiene que incidió el Foro Primario al aplicar la figura de la compensación para extinguir total o parcialmente la referida obligación, basándose en una alegada deuda de tarjeta de crédito que no había sido adjudicada judicialmente ni determinada como líquida, vencida y exigible dentro de este procedimiento. Habiendo entendido sobre los referidos señalamientos, a la luz de los hechos acontecidos y del derecho aplicable, resolvemos denegar la expedición del auto solicitado.

Un examen del expediente apelativo que nos ocupa mueve nuestro criterio a concluir que no concurre condición legítima alguna que amerite imponer nuestras funciones sobre las ejercidas por el Foro Primario. En el caso ante nuestra consideración, resulta medular destacar que la suma mensual de $3,987.06, tomada en consideración al momento de fijarse la pensión *pendente lite*, fue pagada a la parte peticionaria mediante depósitos realizados por Southwest Optical, entidad perteneciente al señor Silva Caraballo. Surge de la prueba que dichos pagos fueron acreditados directamente en la cuenta bancaria de la parte peticionaria, quien, a su vez, utilizó esos fondos para sufragar las necesidades consideradas por el Tribunal de Primera Instancia al fijar la referida pensión. De igual forma, se evidenció que, para el periodo en controversia, la parte peticionaria no se encontraba laborando, aun cuando continuó percibiendo la misma suma mensual.

Ante el cuadro fáctico antes detallado, no existe controversia en cuanto a que la parte peticionaria recibió y se benefició de los pagos efectuados por la entidad perteneciente al recurrido. Es por ello que, a nuestro juicio, la determinación recurrida no constituye un abuso de discreción ni se aparta de la norma. Por el contrario, responde al ejercicio razonable de la facultad adjudicativa del foro primario conforme a la prueba que tuvo ante sí. Así pues, ninguna acción afirmativa inherente a nuestras funciones revisoras se hace precisa en esta etapa de los procedimientos. En mérito de lo antes expuesto y al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto solicitado.

IV

Por los fundamentos que anteceden, se *deniega* la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones